THE PENNSYLVANIA RAILROAD COMPANY, APPELLANT,
v. BOARD OF PUBLIC UTILITY COMMISSIONERS,
RESPONDENT.

Submitted March 24, 1913—Decided June 18, 1913.

On error to the Supreme Court, whose opinion is reported in
54 *Vroom* 67.

For the appellant, *Vredenburgh, Wall & Carey.*

For the respondent, *Frank H. Sommer.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set out in the opinion delivered by this court, at the present term, in the case of *D., L. & W. R. R. Co.* v. *Public Utility Board, ante p.* 619.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, VOORHEES, KALISCH, BOGERT, CONGDON, WHITE, TERHUNE, JJ.   10.

*For reversal*—None.

---

ANNIE SAWYER ET AL., ADMINISTRATORS, PLAINTIFFS IN
ERROR, v. EDWARD I. EDWARDS, COMPTROLLER, DEFENDANT IN ERROR.

Argued March 4, 1913—Decided June 18, 1913.

On error to the Supreme Court.

For the plaintiffs in error, *Edward A. Day (Edward A. &
William T. Day* on the brief).

For the defendant in error, *Edmund Wilson,* attorney-general (*Theodore Backes* on the brief).

PER CURIAM.

The judgment is affirmed, with costs, for the reasons stated in the opinion in *Carr* v. *Edwards, ante p.* 667.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ.    14.

*For reversal*—None.

---

STATE, DEFENDANT IN ERROR, v. BRAUNSTEIN, PLAINTIFF IN ERROR.

Submitted March 24, 1913—Decided June 18, 1913.

On error to the Supreme Court.

For the plaintiff in error, *Borden D. Whiting.*

For the state, *Frederick R. Lehlbach.*

PER CURIAM.

The argument in this court was that the proof showed that the defendant was guilty of larceny rather than of receiving stolen goods. The evidence is quite persuasive to that effect, and the count for larceny should not have been stricken out. The line of distinction between the facts constituting larceny and the facts constituting receiving of stolen goods is often a fine one, as may be seen by a reference to 2 *Russ. Cr. & M.* 546, and prudent pleading justifies joining a count for each offence in the same indictment. In the present case we